PETERSON, J.
Maria Elena Burnam seeks a writ of habeas corpus. Burnam was arrested on July 17, 2003 and subsequently charged by information with trafficking in cocaine. She appeared for a pretrial probable cause hearing on July 18, 2003, in accordance with the requirements of Florida Rule of Criminal Procedure 3.133(a)(1). The presiding judge found no probable cause, but allowed the State an additional 48 hours to submit an affidavit in suppprt of probable cause and established a $10,000 bond. On July 20, 2003, a second probable cause hearing was held by a different judge who found probable cause and established a $50,000 bond without any additional information provided by the State.
Rule 3.133(a)(1) requires that a defendant in custody be afforded a probable cause determination within 48 hours of arrest. The 48-hour period may be extended for not more than two 24-hour periods after a showing of extraordinary circumstances. Rule 3.133(a)(4) provides that if probable cause is not found or the specified times are not complied with, the defendant shall be released from custody unless an information or indictment has been filed in which event the defendant shall be released on her own recognizance subject to certain conditions.
We interpret rule 3.133(a)(1) to require the judge conducting the initial pretrial probable cause hearing to select one of three actions: (1) find probable cause, (2) find no probable cause, or (3) continue the hearing for one or two 24-hour periods to allow the state to supplement the facts in support of a finding of probable cause. At the second hearing the State expressly informed the court that it had no further information to offer.
Because the judge at the first hearing found no probable cause, we grant the petition, issue the writ and remand with *839 instructions to the trial court to release the defendant upon her own recognizance since an information has been filed against her.
PETITION GRANTED; REMANDED.
SHARP, W., and GRIFFIN, JJ., concur.